IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TABARRIS CONNER**                                                          **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.: 1:15CV133-GHD-SAA**

**JUDGE NICOLE CLINKSCALES,**
**KEVIN MCCRAY,**
**FORREST ALLGOOD, and**
**BEUNKA JONES**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Tabarris Conner, an inmate currently housed at the East Mississippi Correctional Facility, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 in which he seeks money damages from various Lowndes County, Mississippi, officials, alleging that they bound him over to a grand jury on a charge of grand larceny without probable cause that a felony had been committed, and that they denied him a preliminary hearing. Having fully considered Conner's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

### Screening Standards

Because Conner has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b).

## Discussion

The events giving rise to this suit involve Conner's prosecution on charges of grand larceny in the Circuit Court of Lowndes County, Mississippi. Conner does not inform the Court of when he was arrested on the grand larceny charge, but according to the documents submitted as exhibits to his complaint, he was granted an initial appearance on a charge of grand larceny on September 15, 2014. ECF No. 6, p. 4. A preliminary hearing was scheduled for November 10, 2014. *Id.* Before the preliminary hearing occurred, however, Conner was indicted in the Circuit Court of Lowndes County for grand larceny as an habitual offender. ECF No. 6, p. 3. By order filed in the circuit court on May 13, 2015, the State moved to reduce the charge to petit larceny and have the case remanded to the Municipal Court of Columbus, Mississippi, citing a perceived insufficiency of evidence to support the grand larceny charge. *Id.* at 2. As a condition of remand, Conner agreed to plead guilty to petit larceny and pay fines and costs as set by the judge. *Id.* Now, in this § 1983 action, Conner maintains that the remand order is proof that there was no probable cause for the grand larceny charge against him, and he otherwise maintains that the charge was brought based on the false allegations of the victim and the defendants.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Conner fails to assert a constitutional claim in this lawsuit, as he has no constitutional right to escape the State's presentation of his case to a grand jury, or to have that proceeding be free

2

from evidence with which he disagrees. *See, e.g., Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (holding that there is no "freestanding constitutional right to be free from malicious prosecution"); *see also United States v. Brown*, 574 F.2d 1274, 1275-76 (5th Cir. 1978) ("By its very nature, the grand jury process is not an adversary proceeding. Its function is merely to determine if there is probable cause which warrants the defendant's being bound over for trial. A defendant has no right to require that the Government present all available evidence at this proceeding. The grand jury proceeding is a one-sided affair. The defendant is protected from such one-sidedness when, at the trial on the merits, he is 'accorded the full protections of the Fifth and Fourteenth Amendments' and is 'permitted to expose all of the facts bearing upon his guilt or innocence.'") (citation omitted).[1] Moreover, Conner agreed to plead guilty to a larceny charge in connection with the events he complains of in this lawsuit and cannot, therefore, sustain a claim that he was prosecuted maliciously. *See, e.g., Tebo v. Tebo*, 550 F.3d 492, 498 (5th Cir. 2008) (noting that a claim for malicious prosecution under Mississippi law requires, among other things, termination of proceedings in the plaintiff's favor).

Additionally, to the extent that Conner's allegations could raise a claim of false arrest, the Court notes that the grand jury indictment against Conner is sufficient to establish probable cause for his arrest and subsequent prosecution. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 118 n.19 (1975). Insofar as Conner complains that his preliminary hearing was waived without his

---

[1] Conner would otherwise be unable to sustain a claim against the district attorney in this case, as a prosecutor has absolute immunity "from liability for the decision to prosecute." *Hartman v. Moore*, 547 U.S. 250, 261 (2006). Except in a case where they lack jurisdiction, judges also have absolute immunity for their judicially related actions. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Therefore, Conner cannot sustain a claim against these individuals.

3

permission, the Court notes that Conner's indictment obviated the need for a preliminary hearing. *See, e.g., Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969); *see also* Uniform Circuit and County Court Rule 6.05 ("A defendant who has been indicted by a grand jury shall not be entitled to a preliminary hearing.").

Finally, the Court notes that it is uncertain whether Conner has yet been convicted and sentenced with regard to the petit larceny charge to which he agreed to plead.[2] It nonetheless notes that federal intervention is not warranted, regardless of Conner's current status, as if he has not yet been convicted and sentenced, he cannot attempt to pursue an action in this Court in an attempt to prevent his prosecution. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987) (citation omitted). Conversely, if Conner has already pled in this case and has been sentenced under a valid judgment, he cannot seek monetary damages through this action, as civil tort actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Rather, in order to recover damages on such claims, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Therefore, Conner cannot sustain a claim for damages in this case.

In sum, Plaintiff cannot obtain the relief he seeks, and dismissal is appropriate.

---

[2]According to the publicly available information on the Mississippi Department of Correction's website, Conner is currently serving a five-year sentence for possession of cocaine stemming from a conviction in Lowndes County, Mississippi. *See* http://www.mdoc.state.ms.us/ (follow "Inmate Search" hyperlink) (last visited August 25, 2015).

4

## Conclusion

For the reasons set forth herein, this action is **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief may be granted. A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this the 25th day of August, 2015.

SENIOR U.S. DISTRICT JUDGE